UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LUIS JUAREZ-CABRERA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:14-CV-370 |
| ST. JOSEPH HOSPITAL, *et al.* | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Plaintiff, a pro se prisoner, filed a complaint under 42 U.S.C. § 1983 [ECF No. 1 ] on November 25, 2014. The suit alleges that an unidentified nurse and her employer, St. Joseph Hospital, failed to provide the Plaintiff with proper medical treatment following his arrest on December 11, 2012. For the following reasons, the Court strikes the Plaintiff's complaint and grants the Plaintiff leave to file an amended complaint.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleading standards:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). "Threadbare recitals of the elements of the cause of action, supported by mere conclusory

1

statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [the plaintiff] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Furthermore, to state a claim under 42 U.S.C. § 1983 "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Plaintiff alleges that on December 11, 2012, he was injured while being arrested and was subsequently taken to St. Joseph Hospital to receive medical attention. According to the Plaintiff, once he arrived at St. Joseph Hospital, an unidentified nurse discharged him without providing medical assistance or treatment for his injuries. He was then taken to the Allen County Jail, where he was inspected by a jail nurse. The Plaintiff complained to the nurse that he was feeling worse, and the nurse noticed swelling on his head. The jail nurse requested for the Plaintiff to be taken to Parkview Hospital. At Parkview Hospital, a CT scan was performed, which revealed that the Plaintiff had three facial fractures.

The Plaintiff asserts that the unidentified nurse denied him proper medical care. Because the Plaintiff was a pretrial detainee at all times relevant to this lawsuit, the Fourteenth Amendment to the United States Constitution, rather than the Eighth Amendment, applies here. *Lewis v. Downey*, 581 F.3d 467, 473–74 (7th Cir. 2009). However, both standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* at 475. Under either the Eighth or Fourteenth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a

prisoner must show that: (1) he or she had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

The Plaintiff has pled that he had an objectively serious medical need: three facial fractures. However, the complaint lacks sufficient facts to adequately plead that the unidentified nurse exhibited deliberate indifference. In fact, aside from claiming that the unidentified nurse discharged the Plaintiff, the complaint is silent as to what transpired while the Plaintiff was at St. Joseph Hospital.

The Plaintiff also claims that he did not receive proper medical attention from the unidentified nurse on account of his race. He states that he "feel[s] discriminated" by the nurse for being Hispanic, and for being in handcuffs on his way to jail. [ECF No. 1 at 4.] However, in order to proceed on the Plaintiff's claim, the complaint must plausibly allege that the Defendants "acted with a nefarious discriminatory purpose" and "discriminated against [the plaintiff] based on his membership in a definable class." *Nabozny v. Podlesny*, 226 F.3d 558, 564 (7th Cir. 1996) (citations

3

omitted); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 303 (7th Cir. 2011). The Plaintiff's complaint does not include any factual basis from which a discriminatory purpose could plausibly be inferred. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions); *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."). When a complaint is vague or lacking in necessary detail, the Court is "within its rights" to dismiss the complaint with leave to replead. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Lastly, the Plaintiff's complaint names as a defendant St. Joseph Hospital, based on it being the unidentified nurse's employer. Like a municipal entity, a corporate entity acting under color of state law cannot be held liable based solely on a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Thus, St. Joseph Hospital cannot be held liable solely because it is the unidentified nurse's employer.

Therefore, the Court will permit the Plaintiff to file an amended complaint that sets forth his claim against the unidentified nurse in sufficient detail. In the amended complaint, the Plaintiff must explain how the actions or inactions of the unidentified nurse created liability under 42 U.S.C. § 1983. This entails an explanation of what took place during his visit to the St. Joseph Hospital on December 11, 2012, including his interaction with the unidentified nurse. The Plaintiff should explain what physical conditions he complained of, who he made those complaints to, and what was

done to treat him. He should detail any conversations that occurred between himself and the unidentified nurse, any examinations that took place while he was at St. Joseph Hospital, as well as any additional interaction he had with other medical professionals while there.

Moreover, as indicated above, the Plaintiff apparently does not know the identity of the nurse who discharged him, as he identifies her only as "Unknown Nurse." As a practical matter his case cannot proceed against an unnamed defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under [Federal Rule of Civil Procedure] 15, nor can it otherwise help the plaintiff."). In his amended complaint, the Plaintiff must include any information he can provide that may assist in identifying the nurse, including a physical description.

For the foregoing reasons, the Court:

(1) **STRIKES** the complaint (ECF No. 1);

(2) **DIRECTS** the Clerk of the Court to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form and send it to the Plaintiff;

(3) **GRANTS** the Plaintiff until January 15, 2015 to file an amended complaint; and

(4) **CAUTIONS** the Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on December 15, 2014.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION