UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LUIS A. JUAREZ-CABRERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:14-CV-370–TLS |
| | ) |
| ST. JOSEPH HOSPITAL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On November 25, 2014, the Plaintiff, a pro se prisoner, filed a complaint [ECF No. 1] under 42 U.S.C. § 1983 against St. Joseph Hospital and an "Unknown Nurse" for failing to provide him adequate medical treatment on December 11, 2012. The complaint was stricken by the Court because it failed to state a plausible claim against either of the Defendants [ECF No. 4]. The Plaintiff then filed an amended complaint on January 20, 2015, again naming St. Joseph Hospital and adding "Nurse Jessica" as a defendant [ECF No. 6].

Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

1

misconduct alleged." *Id.* at 603 (internal quotation marks and citation omitted). In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the Court must bear in mind that a pro se complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, the Plaintiff again brings suit against the St. Joseph Hospital based on it being the nurse's employer. As previously noted by the Court in its Opinion and Order on December 15, 2014 [ECF No. 4], like a municipal entity, a corporate entity acting under color of state law cannot be held liable based solely on a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Thus, St. Joseph Hospital cannot be held liable because of its employee's actions.

In the amended complaint, the Plaintiff also asserts that "Nurse Jessica" denied him proper medical care at St. Joseph Hospital. The Plaintiff's claims against "Nurse Jessica" are subject to a two-year statute of limitations. *See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (Indiana's two-year limitations period for personal injury suits applies to Section 1983 claims). The amended complaint was filed more than two years after the alleged denial of medical care. Thus, the claims against "Nurse Jessica"

can only be considered timely if the amended complaint relates back to the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (internal quotation marks and citation omitted). The mistake requirement concerning the proper party's identity is essential for relation back to apply. *Id.* The Seventh Circuit has consistently held that Rule 15(c) does not provide for relation back when the reason the original complaint was insufficient was due to a lack of knowledge of the identity of the proper party. *Id.*; *Eison v. McCoy*, 146 F.3d 468, 472 (7th Cir. 1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (not allowing relation back when the original complaint identified "unknown police officers" as defendants).

In the original complaint, the Plaintiff did not make a mistake in naming the unknown nurse as a defendant, he simply did not know her actual identity at the time he filed his original complaint. Therefore, the Plaintiff cannot use relation back under Rule 15(c). *See, e.g., Worthington v. Wilson*, 8 F.3d 1253, 1256–57 (7th Cir. 1993) (noting that a plaintiff may not use relation back principles to replace "John Doe" defendants with named defendants after the statute of limitations has expired).

Although the statute of limitations is an affirmative defense, dismissal at the pleading stage is appropriate when "the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). That standard is met here. Because the Plaintiff named "Nurse

3

Jessica" as a defendant after the statute of limitations had run, his claim against her is time barred.

For the foregoing reasons, the Court DISMISSES WITH PREJUDICE this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED on February 19, 2015.

                                                s/ Theresa L. Springmann  
                                                THERESA L. SPRINGMANN  
                                                UNITED STATES DISTRICT COURT